Nelson v. Alliance Hospitality Mgmt., LLC, 2013 NCBC 5.

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA | | IN THE GENERAL COURT OF JUSTICE |
| | | SUPERIOR COURT DIVISION |
| COUNTY OF WAKE | | 11 CVS 3217 |

KENNETH E. NELSON,         )
           )
        Plaintiff,      )
           )
    v.             )
           )
ALLIANCE HOSPITALITY      )     **ORDER ON DEFENDANTS'**
MANAGEMENT, LLC, a Georgia  )       **MOTION TO REVISE**
limited liability company, ROLF A. )
TWEETEN, and AXIS HOSPITALITY, )
INC., an Illinois corporation,    )
           )
        Defendants.    )
           )

THIS MATTER is before the court on Defendants' Alliance Hospitality Management, LLC ("Alliance"), Rolf A. Tweeten ("Tweeten"), and Axis Hospitality Inc. ("Axis") Motion to Revise ("Motion") the court's January 3, 2013 Order and Opinion. The court will elaborate on the basis of its ruling, but otherwise the Motion is DENIED.

> Meynardie & Nanney, PLLC by Joseph H. Nanney for Plaintiff Kenneth E. Nelson.

> Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP by Michael W. Mitchell and Jackson Wyatt Moore, Jr. and Leader, Bulso & Nolan, PLC by Eugene N. Bulso, Jr. for Defendants.

Gale, Judge.

## I.    INTRODUCTION

This lawsuit arises out of a dispute over the existence and extent of Plaintiff Kenneth E. Nelson's ("Nelson") membership and ownership interests in Alliance,

and the refusal of Defendants to distribute to Nelson any proceeds from a sale of a substantial portion of Alliance's assets.

Nelson initiated this action on February 25, 2011, and amended his Complaint on June 1, 2011, bringing claims for breach of fiduciary duty, constructive fraud, judicial dissolution of Alliance, wrongful termination, and seeking a declaratory judgment that he owns ten of Alliance's sixty-one outstanding Membership Interest Units. The case was designated as a Complex Business Case by Chief Justice Sarah Parker by Order dated March 22, 2011, and was assigned to the undersigned on March 24, 2011.

Defendants filed a Motion to Dismiss on July 29, 2011. The court issued its Order ruling on that motion on November 22, 2011. That order allowed Nelson's claims regarding Defendants' failure to distribute sales proceeds to go forward, but with the caution that Nelson faces a high burden of proving that the failure to distribute proceeds cannot be justified and dissolution must be ordered because Alliance has no reasonable prospect for future profitability, and that Defendants' refusal to distribute is solely for the purpose of harming Nelson without any corresponding reasonable business purpose.

Defendants moved for summary judgment after the close of discovery. This court issued its Order and Opinion denying the Motion for Summary Judgment on January 3, 2013. On January 9, 2013, Defendants filed their Motion to Revise that Order and Opinion, asserting that the court failed to address their contention that Nelson failed to develop evidence to meet the burden defined by the court's Order on the earlier Motion to Dismiss.

## II.    ANALYSIS

Defendants contend the court should have dismissed the fiduciary duty and constructive fraud claims against Defendants Axis and Tweeten because Nelson has not forecast competent evidence to prove that Axis and/or Tweeten as Alliance directors engaged in "willful misconduct involving self dealing," which is the

standard imposed by the Alliance Operating Agreement. (Operating Agreement §
3.7; Mot. to Revise ¶¶ 2, 5.)

While the court continues to believe that Nelson must sustain the high
burden of proof imposed by this standard, and that ultimately his forecasted
evidence may not be adequate to withstand a directed verdict, the court concluded
and now explains why it concluded that Nelson had forecast evidence sufficient to
overcome summary judgment. Construed favorably to Nelson with liberal
inferences drawn, Nelson forecasts evidence that includes that Alliance's financial
statements show a consistent pattern of losses with no expectation of profit; that
normal operations require only $500,000.00 on deposit, Alliance retains
"substantially more" than this amount on deposit for no reasonable purpose; that
the monies on deposit have not be used in any manner to expand Alliance's
management contracts; that the loan which Alliance made to an affiliate controlled
by Tweeten served no useful purpose to Alliance and was but a ruse to benefit
Tweeten's personal interests with a distribution that favored him but not Nelson;
and that collectively this evidence would allow a jury to find a pattern of conduct
taken in bad faith for the personal benefit of Tweeten. Nelson contends that when
the evidence is so construed, it constitutes a violation of fiduciary duties that the
Operating Agreement did not and could not by law eliminate. *See* Am. Compl. ¶¶
57–59, 63, 65, 69; Pl.'s Mem. in Opp'n to Defs.' Mot. for Summ. J. 33.

In addition to meeting the burden of disproving any reasonable expectation of
future profitable operations, Nelson will also have to contend with the fact that
Alliance's Operating Agreement provides that "Company Sales Proceeds, to the
extent available, shall be distributed to the Members in the discretion of the
Manager, in accordance with the Members' respective Percentage Interests," and
that the Operating Agreement specifically permits Alliance to make loans to
affiliates. (Operating Agreement § 7.3; Operating Agreement § 3.1.1 (giving
Managers the authority to lend to any party "including without limitation a person
or entity related to or controlled by one or more of the Members or Directors . . .
upon such terms[] as the Board of Directors deem to be in the best interest of

[Alliance]").) Again, Nelson believes these powers are constrained by the need for some reasonable expectation of future profit and the good faith obligation imposed on an LLC manager by the controlling Georgia statute. (Pl.'s Mem. in Opp'n to Defs.' Mot. for Summ. J. 33); GA. CODE ANN. § 14-11-305 (2012) (A "manager shall act in a manner he or she believes in good faith to be in the best interests of the limited liability company.")

## III.    CONCLUSION

In sum, considering all the evidence before it, and granting Nelson the benefit of contested facts and inferences that may be drawn from them, the court concluded that Nelson has raised a genuine issue of material fact sufficient to withstand summary judgment on the issue of whether Axis and Tweeten have engaged in "willful misconduct involving self dealing." Defendants' Motion for Summary Judgment was therefore denied and the Motion to Revise is now DENIED.

IT IS SO ORDERED, this the 25th day of January, 2013.